**FILED**

**December 22, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:31 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| ROSALIND WILLIAMSON, <br>     **Employee,** <br> **v.** <br> **PROFESSIONAL CARE SERVICES,** <br>     **Employer,** <br> **and** <br> **BRIDGEFIELD CASUALTY** <br> **INSURANCE,** <br>     **Insurance Carrier.** | **Docket No.: 2017-08-0203** <br><br> **State File No.: 78680-2016** <br><br> **Judge Deana Seymour** |

---

## EXPEDITED HEARING ORDER

---

This case came before the undersigned Workers' Compensation Judge on November 29, 2017, upon Rosalind Williamson's Request for Expedited Hearing. The central legal issue is whether Ms. Williamson is likely to prevail at a hearing on the merits for entitlement to medical and temporary disability benefits. The Court holds she is not likely to do so and denies her request for benefits at this time.

### History of Claim

Ms. Williamson worked as a social worker for Professional Care Services on September 30, 2016. Samantha Hammonds, Ms. Williamson's supervisor, disciplined her that morning and left the office. Afterward, Ms. Williamson claimed she slipped on a nut and fell on her left side while walking up a ramp to her job, injuring her left shoulder and left hand.[1] No one witnessed the fall. PCS disputed the fall and the reason for the fall through the declaration of Ms. Hammonds.

An ambulance transported Ms. Williamson to Bolivar General Hospital for emergent care. There, she complained of left shoulder, knee and wrist pain. Following evaluation and diagnostic testing, the attending physician, Dr. Ralph Patterson, diagnosed

---

[1] She initially claimed a left knee injury as well. However, during the hearing, she admitted that her fall at work did not cause her current knee issues.

1

left knee contusion and left wrist and shoulder pain. Dr. Patterson medically cleared Ms. Williamson and discharged her with pain medication.

Ms. Williamson saw her PCP, Dr. Darrin Lyons, on October 3, but she made no mention of left shoulder or hand pain. Ms. Williamson's medical history included chronic left thumb and shoulder pain since 2013 and chronic left wrist pain since 2014.

PCS offered Ms. Williamson a panel of orthopedic surgeons from which she chose Dr. Brett Sokoloff, whom she saw on November 7. Dr. Sokoloff concluded that her left shoulder issues were "likely chronic" and that her hand numbness complaints were "non-specific" after reviewing her extensive medical history and diagnostic tests. PCS denied Ms. Williamson's claim based on Dr. Sokoloff's assessment. Dr. Sokoloff surgically treated Ms. Williamson's left shoulder under her private health insurance, despite the denial.

However, she continued to have problems with her left shoulder and filed a Request for Expedited Hearing seeking medical benefits. Ms. Williamson asked the Court to find PCS responsible for medical expenses paid by her health insurance and temporary disability benefits in addition to continued treatment with Dr. Sokoloff.

PCS argued that Ms. Williamson did not meet her burden of proving medical causation. According to PCS, the only medical proof before the Court suggested her injuries were chronic and did not result from her fall at work. [2] PCS further argued that Ms. Williamson's version of events surrounding her injury seemed suspect.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

Ms. Williamson bears the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). She does not have to prove every element of her claim by a preponderance of the evidence but must present sufficient evidence for the Court to determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

### *Causation*

To prove a compensable injury, Ms. Williamson must show her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann.

---

[2] Ms. Williamson did not dispute that she sustained prior injuries and sought prior treatment for her left shoulder and hand.

§ 50-6-102(14)(B) (2017). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." *Id.* "The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E).

Here, no medical proof established that Ms. Williamson's fall contributed more than fifty percent in causing her left shoulder and hand conditions, considering all causes. Dr. Sokoloff's medical records support a diagnosis of left shoulder and left hand pain, but he gave no opinion on the medical cause for those conditions. The medical records in evidence demonstrate left shoulder and left hand conditions that pre-existed Ms. Williamson's fall and continued "chronic" left shoulder and left hand pain since the fall.

Thus, the Court holds Ms. Williamson failed to satisfy her burden of proving her left shoulder and left hand conditions arose primarily out of and in the course and scope of her employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Williamson's claim against PCS for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing **on February 12, 2018, at 9:00 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without the parties' participation.

Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

3

Entered this the 22nd day of December, 2017.


_____
JUDGE DEANA SEYMOUR
Court of Workers' Compensation Claims

**APPENDIX**

Exhibits:
1. C-20 Employer's First Report of Work Injury or Illness (with handwritten changes made by Ms. Williamson)
2. Photocopy of photograph of hand received by Professional Care Services' attorney
3. Seventeen photographs of Ms. Williamson's injuries and location of accident (Collective)
4. Declaration of Samantha Hammonds
5. C-41 Wage Statement
6. C-42 Agreement Between Employer/Employee Choice of Physician
7. Medical records from Dr. Bret Sokoloff (Page 6 through Page 13)
8. Medical records related to Ms. Williamson's left shoulder injury (Collective)
9. Medical records related to Ms. Williamson's left hand injury (Collective)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Requests for Expedited Hearing and attached affidavit (Collective)
4. Professional Care Services' Objection to and Motion to Strike Request for Expedited Hearing and Alternatively, Motion for an In-Person Hearing
5. Professional Care Services' Motion to Compel
6. Status Hearing Order, filed September 5, 2017
7. Order on Motion to Compel
8. Professional Care Services' Motion to Quash
9. Status Hearing Order, filed October 17, 2017
10. Order on Motion to Quash
11. Professional Care Services' Witness List and Notice of Filing, with attachments
12. Table of Contents and medical records filed with the clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 22nd day of December, 2017.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Rosalind Williamson, Employee | X | | X | P.O. Box 704<br>Somerville, TN 38068<br>forgive12001@yahoo.com |
| Ryan Malone, Employer's Attorney | | | X | ryan@petersonwhite.com |

Penny Patterson-Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6